

**LAW OFFICES OF**
**ROBERT E. BROWN, P.C.**

www.RobertBrownLaw.com

14 Wall Street, 20th Fl. New York, NY 10005   Tel. 212.766.9779
260 Christopher Lane, Suite 201, Staten Island, NY 10314   Tel. 718.979.9779   Fax. 718.979.9784
RBrown@RobertBrownLaw.com

June 1, 2023

**VIA ECF**
The Honorable Lois Bloom, U.S.M.J.
U.S. Dist. Court for the Eastern Dist. of New York
225 Cadman Plaza East
Brooklyn, NY 11201

  Re: *Strike 3 Holdings LLC V. John Doe subscriber assigned IP address 24.188.30.34*
    *Civil Action No: 1:22-cv-07881-RPK-LB*

Chief Magistrate Judge Bloom:

  This firm represents the Defendant in the above-referenced action. I submit this letter in accordance with Your Honor's Order of April 28, 2023, that Defendant show cause why Plaintiff's unredacted Amended Complaint and related documents should not be filed publicly with Defendant's name substituted for John Doe.

## RELEVANT PROCEDURAL HISTORY

  Plaintiff filed its initial Complaint against John Doe Defendant for copyright infringement on December 27, 2022. *See* ECF No. 1. Plaintiff apparently learned Defendant's identity from Defendant's Internet Service Provider's response to a subpoena after Plaintiff's Motion for leave to serve third-party subpoena prior to Rule 26(f) conference. *See* ECF No. 7. In its Motion for early discovery, Plaintiff also sought a protective order allowing the Defendant to proceed as "John Doe" regardless of what information is ultimately disclosed pursuant to the Subpoena. *See* ECF No. 7. The Court granted Plaintiff's Motion on January 18, 2023. *See* ECF No. 8.

  On April 27, 2023, Plaintiff moved for Leave to File Certain Documents Identifying Defendant as "Ex Parte" Documents on a provisional basis. *See* ECF No. 11 (Ex Parte). On April 27, 2023, Your Honor subsequently entered an Order provisionally granting Plaintiff's request and directing the Clerk of the Court and the Plaintiff to issue a Summons and file a redacted version thereof, respectively, and for Defendant to show cause by June 1, 2023, "why the First Amended Complaint and related documents should not be filed publicly in unredacted form, and the name of defendant substituted for "John Doe." On May 2, 2023, Plaintiff served the First Amended Complaint on Defendant.

## RELEVANT FACTS

Defendant is the subscriber of the internet account which is referred to in Plaintiff's Amended Complaint. After receiving notice of this lawsuit, Defendant retained counsel and resolved this matter subject to confidential settlement agreement that does not admit any liability. Plaintiff's allegations against Defendant have not been established, and due to this resolution prior to formal discovery, liability will not be established. Furthermore, I have provided information to Plaintiff that Defendant is not the actual infringer.

Nevertheless, merely being named in this case creates significant complications for Defendant because if their name became publicly available in this case, there would be damage to their reputation professionally and personally for both Defendant and their family. Defendant's profession is in I/T and the mere accusation in a federal lawsuit that they misused the Internet in any way is likely to negatively affect Defendant's future employment and contractual opportunities.

If Defendant's name became public with these allegations, Defendant believes this would cause severe strain in the relationship between Defendant and their extended family. This case has been settled among the parties pursuant to a confidential settlement agreement where no one admits fault, subject to Defendant complying with certain terms.

Although internet searches typically do not show cases within the Court's CM/ECF system, many journalists and bloggers routinely conduct research and write articles on BitTorrent copyright infringement matters and specifically Plaintiff's lawsuits effectively making information about these cases widely available to the public. Plaintiff's counsel has represented that Plaintiff takes no position on Defendant's Motion.

## LEGAL ARGUMENT

**I. The John Doe Designation should be Maintained on the Docket, and Certain Documents Should be Maintained in Redacted Form which Contain Defendant's Identifying Information and Either Party Should be Permitted to File Redacted Versions of Documents on the Public Docket.**

Plaintiff commenced this action under seal pursuant to Federal Rule of Civil Procedure 5.2(d), alleging copyright infringement. Defendant respectfully requests name not be substituted for John Doe for the following reasons. Although the public has a presumptive right of access under the First Amendment to "judicial documents," including pleadings, pretrial motions and associated documents, and docket sheets *See Newsday LLC v. Cnty of Nassau*, 730 F.3d 156, 163-64 (2d Cir. 2013)), the presumptive right of access to judicial documents is rebuttable. *See also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006) ("Notwithstanding the presumption of access under both the common law and the First Amendment, the documents may be kept under seal if 'countervailing factors' in the common law framework or 'higher values' in the First Amendment framework so demand."). The weight of the presumption is a function of (1) "the role of the material at issue in the exercise of Article III judicial power" and (2) "the resultant value of such information to those monitoring the federal courts," balanced against "competing considerations" such as "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 119-120 (internal quotation marks omitted).

In determining the weight to be accorded an assertion of a right of privacy, courts should first consider the degree to which the subject matter is traditionally considered private rather than public. Of particular importance here, family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public. *See U.S. v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995). "[D]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120 (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)). Moreover, when a case is settled promptly prior to formal discovery, and with no claims being established a defendant who is not a public figure, the public interest is not served by disclosing the defendant's identity. *IPSOS MMA, Inc. v John Doe*, No. 1:21-cv-08929 (ECF 31) at 2-3 (S.D.N.Y. Jan. 25, 2022).

In the case at bar, Defendant does not seek to seal the entire case. They only seek to maintain already redacted documents containing Defendant's identifying information, and to permit the parties to file redacted versions of those documents so that the general public's interest in having access to documents filed this matter may be preserved. This case alleges copyright infringement of adult films involving sex acts. No one here is a public figure. Plaintiff has filed numerous cases throughout the country and in this district alleging BitTorrent copyright infringement. As such, the issues raised in this case are not novel and, perhaps more importantly, the case essentially settled (without an admission of liability) after Defendant was served with process. In sum, there is virtually no benefit to the public being able to access documents containing Defendant's identifying information, especially where the public would have access to the majority of each of these documents in redacted fashion. Conversely, Defendant's reputation, employment, and ability to support their family are at risk should documents containing their name and address, in connection with allegations that they engaged in copyright infringement of adult works, be made available to the general public. Defendant's privacy and livelihood are at risk here, whereas there is little or no benefit to the general public in being made aware of Defendant's identity. The parties submit that, on balance, the public's qualified right to unlimited access to these judicial documents, without redaction, is outweighed by the dangers to Defendant's loss or privacy and livelihood.

## II. It is Appropriate for Defendant to Remain Anonymous in this Matter.

Rule 10(a)'s requirement that a complaint must "name all the parties," although serving the "vital purpose of facilitating public scrutiny of judicial proceedings" that "cannot be set aside lightly," is, nevertheless, not absolute. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008). Instead, when considering whether to permit a party to litigate under a pseudonym in civil litigation, the Court must weigh the party's interest in anonymity and balance it against both the public interest in disclosure and any prejudice to their adversary.

The Second Circuit has enumerated a number of factors that the trial courts may consider in deciding whether a party may proceed anonymously:

(1) whether the litigation involves matters that are highly sensitive and of a personal nature;
(2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties;
(3) whether identification presents other harms and the likely severity of those harms;
(4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure;
(5) whether the suit is challenging the actions of the government or that of private parties;

(6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;
(7) whether the plaintiff's identity has thus far been kept confidential;
(8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity;
(9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities.
*Id.* at 189-90 (2d Cir. 2008) (citations omitted) (internal quotation marks omitted).

"Although the ten Sealed Plaintiff factors are highly instructive, courts are not required to consider any or all of them, nor must they use any particular approach, so long as they balance the relevant interests at stake when reaching a conclusion." *Doe v. Solera Capital LLC*, No. 18-1769, 2019 WL 5485210, at *2-3 (S.D.N.Y. Oct. 25, 2019) (*citing Sealed Plaintiff*, 537 F.3d at 191 n.4); *see also Next Phase Distribution, Inc. v. Does 1-138*, No. 11-9706, 2012 WL 691830, at *1 (S.D.N.Y. Mar. 1, 2012) (finding that factors apply equally to anonymity requests by defendants).

This matter concerns allegations of illegally downloading of adult videos. Courts applying the *Sealed Plaintiff* factors routinely permit defendants to remain anonymous in these matters, and Defendant respectfully submits that five (5) of the *Sealed Plaintiff* factors are relevant here and weigh in favor of allowing Defendant to remain anonymous. *See, e.g., Malibu Media, LLC v. Doe*, No. 15-2624, 2015 WL 6116620, at *5 (S.D.N.Y. Oct. 16, 2015).

First, this matter involves an allegation of a highly sensitive and personal nature. *Next Phase Distribution*, 2012 WL 691830 at *1 ("An allegation that an individual illegally downloaded adult entertainment likely goes to matters of a sensitive and highly personal nature, including one's sexuality.") (*quoting Digital Sin, Inc. v. Does 1-5698*, No. 11-04397, 2011 WL 5362068, at *4 (N.D. Cal. Nov. 4, 2011)).

Second, although identification here may not entail "physical or mental harm" to Defendant, there are "other harms" of sufficient severity to warrant this relief. *See Malibu Media, LLC v. Doe No. 4*, No. 12-2950, 2012 WL 5987854, at *4 (S.D.N.Y. Nov. 30, 2012) ("This Court need not expound upon the many ways in which an association with pornography might irrevocably harm a defendant's reputation regardless of the truth of the underlying allegations or eventual disposition of the litigation.").

Third, there is no prejudice to the Plaintiff in allowing Defendant to maintain anonymity and litigate under a pseudonym indeed, not only did Plaintiff intend to only litigate against Defendant in that fashion, but since this matter has settled, there could not possibly be any such prejudice. ECF No. 1; *see Malibu Media*, 2015 WL 6116620 at *5 (noting lack of prejudice to Plaintiff where party consented to request in instant and other matters). Whatever Plaintiff's objectives are in this case, they can be accomplished without ever publicly identifying a defendant by name and address.

Fourth, the public's interest in the litigation is not furthered by requiring Defendant to disclose their identity. "While the public interest is generally furthered by allowing public scrutiny of judicial proceedings, here there is minimal public interest in disclosing Defendant's name when weighed against Defendant's interests in remaining anonymous." *Malibu Media*, 2015 WL 6116620 at *5 (*citing Next Phase Distribution*, 2012 WL 691830, at *2). Moreover,

the parties have resolved this matter amicably and that settlement does not include an admission of liability and Plaintiff has not proven its allegations. Most importantly, I have provided information to Plaintiff that Defendant is not the actual infringer. *Next Phase Distribution, Inc.*, 2012 WL 691830 at *2. Moreover, the public's interest in knowing the contours of this suit, but not Doe's identity, can be furthered by continuing the redacted status of relevant documents and permitting Plaintiff to file redacted versions on the public docket.

Finally, there is no alternative mechanism for protecting Defendant's confidentiality. *Sealed Plaintiff*, 537 F.3d at 190.

## CONCLUSION

Based on the foregoing, the subscriber-Defendant requests that the Court enter an Order requiring the Clerk of the Court to maintain the caption for this matter with a pseudonym identifier for Defendant, to maintain any documents currently on the docket in redacted form which identify Defendant by their real name, address, or other identifying information, and to permit the parties to file any future documents containing Defendant's real name or other identifying information in redacted form so as to prevent public access to Defendant's real name, address, or other identifying information.

Respectfully submitted,

Robert E. Brown

cc: VIA ECF
The Atkin Firm, LLC
400 Rella Boulevard, Suite 165
Suffern, New York 10901